UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

FIRSTMERIT BANK, N.A., a national )
banking association, as successor in interest )
to the FDIC, as receiver for Midwest Bank )
and Trust Company, )
)
        Plaintiff, )
) No. 13 C 3627
  v. )
) Judge George M. Marovich
)
MICHAEL GREAR, )
)
        Defendant. )

## MEMORANDUM OPINION AND ORDER

Plaintiff FirstMerit Bank, N.A. ("FirstMerit"), a national banking association, as successor in interest to the FDIC, as receiver for Midwest Bank and Trust Company, filed a complaint against defendant Michael Grear ("Grear") to enforce two guaranties.[1] FirstMerit now moves for summary judgment against defendant Grear. For the reasons set forth below, the Court grants the motion for summary judgment.

**I.**     **Background**

Local Rule 56.1 outlines the requirements for the introduction of facts parties would like considered in connection with a motion for summary judgment. As the Court notes on its website (and has mentioned in multiple opinions), the Court enforces Local Rule 56.1 strictly. To be considered, facts must be included in a party's statement of undisputed facts. Facts argued

---

[1]The Court has diversity jurisdiction over this case, because plaintiff FirstMerit is a citizen of Ohio, defendant Grear is a citizen of Illinois, and the amount in controversy is greater than $75,000.00.

in briefs but not included in a party's statement of undisputed facts are not considered by the Court, because to do so would rob the other party of his or its opportunity to show such facts are disputed. Where one party supports a fact with admissible evidence and the other party fails to controvert the fact with admissible evidence, the Court deems the fact admitted. *See Ammons v. Aramark Uniform Services, Inc.*, 368 F.3d 809, 817-818 (7th Cir. 2004). This does not, however, absolve the party who asserted a fact of its initial burden of putting forth admissible evidence to support its fact. Asserted "facts" not supported by deposition testimony, documents, affidavits or other evidence admissible for summary judgment purposes are not considered by the Court.

In this case, defendant Grear did not respond to plaintiff's statement of undisputed facts. Accordingly, those facts are deemed admitted to the extent they are supported by admissible evidence. Thus, the following facts are undisputed.

In 2010, two entities--New Golf Corporation ("New Golf") and Fahey Medical Center, S.C. ("Fahey Medical")--borrowed money from Midwest Bank and Trust Company. Specifically, on February 18, 2010, New Golf executed a promissory note for the original principal amount of $741,280.86 (the "New Golf note"). On April 9, 2010, Fahey Medical executed a promissory note for the original principal amount of $850,000.00 (the "Fahey Medical note").

Defendant Grear had an ownership interest in both New Golf and Fahey Medical and, thus, personally guaranteed both loans. Specifically, on February 18, 2010, Grear executed a guaranty with respect to the New Golf loan (the "New Golf Guaranty"). On April 10, 2008, Grear executed a personal guaranty as to Fahey Medical's indebtedness (the "Fahey Guaranty").

The Fahey Guaranty states, in relevant part:

CONTINUING GUARANTEE OF PAYMENT AND PERFORMANCE.  For good and valuable consideration, Guarantor absolutely and unconditionally guarantees full and punctual payment and satisfaction of the Indebtedness of Borrower to Lender . . .

INDEBTEDNESS.  The word "Indebtedness" as used in this Guaranty means all of the principal amount outstanding from time to time and at any one or more times, accrued unpaid interest thereon and all collection costs and legal expenses related thereto permitted by law, attorneys' fees, arising from any and all debts, liabilities and obligations of every nature or form, now existing or hereafter arising or acquired, that Borrower individually or collectively or interchangeably with others, owes or will owe Lender. . . .

CONTINUING GUARANTY.  THIS IS A 'CONTINUING GUARANTY' UNDER WHICH GUARANTOR AGREES TO GUARANTEE THE FULL AND PUNCTUAL PAYMENT, PERFORMANCE AND SATISFACTION OF THE INDEBTEDNESS OF BORROWER TO LENDER, NOW EXISTING OR HEREAFTER ARISING OR ACQUIRED, ON AN OPEN AND CONTINUING BASIS. . . .

* * *

MISCELLANEOUS PROVISIONS. . . .

* * *

**Attorneys' Fees; Expenses.**  Guarantor agrees to pay upon demand all of Lender's costs and expenses, including Lender's attorneys' fees and Lender's legal expenses, incurred in connection with the enforcement of this Guaranty.

* * *

DEFINITIONS. . . .

* * *

**Guarantor.**  The word 'Guarantor' means everyone signing this Guaranty, including without limitation Michael J. Grear, and in each case, any signer's successors and assigns.

Fahey Guaranty at 1-3.  The New Golf Guaranty states, in relevant part:

CONTINUING GUARANTEE OF PAYMENT AND PERFORMANCE.  For good and valuable consideration, Guarantor absolutely and unconditionally

> guarantees full and punctual payment and satisfaction of the Indebtedness of Borrower to Lender . . .
>
> INDEBTEDNESS. The word 'Indebtedness' as used in this Guaranty means all of the principal amount outstanding from time to time and at any one or more times, accrued unpaid interest thereon and all collection costs and legal expenses related thereto permitted by law, attorneys' fees, arising from any and all debts, liabilities and obligations of every nature or form, now existing or hereafter arising or acquired, that Borrower individually or collectively or interchangeably with others, owes or will owe Lender. . . .
>
> \* \* \*
>
> MISCELLANEOUS PROVISIONS. . . .
>
> \* \* \*
>
> > **Attorneys' Fees; Expenses**. Guarantor agrees to pay upon demand all of Lender's costs and expenses, including Lender's attorneys' fees and Lender's legal expenses, incurred in connection with the enforcement of this Guaranty. . . .
>
> \* \* \*
>
> DEFINITIONS. . . .
>
> > **Guarantor.** The word 'Guarantor' means everyone signing this Guaranty, including without limitation Michael Grear, and in each case, any signer's successors and assigns.

New Golf Guaranty at 1-3.

Subsequently, New Golf, Fahey Medical and Grear all executed a Forebearance Agreement. The Forebearance Agreement set January 5, 2013 as the maturity date for the New Golf Note and the Fahey Medical Note. As of January 5, 2013, neither New Golf nor Grear had paid the outstanding balance of the New Golf Note. Neither has paid in the meantime. As of January 5, 2013, neither Fahey Medical nor Grear had paid the outstanding balance of the Fahey Medical Note. Neither has paid in the meantime.

As of August 20, 2013 (the day plaintiff filed its motion for summary judgment), the outstanding balance on the Fahey Medical note was $788,650.78, which consisted of: principal in the amount of $687,564.72; interest in the amount of $52,907.26; late charges in the amount of $58,901.71; less an escrow balance of $10,722.01. Interest continues to accrue on the Fahey Medical note at a rate of $200.54 per day. As of August 20, 2013, the outstanding balance on the New Golf note was $770,000.31, which consisted of: principal in the amount of $684,622.02; interest in the amount of $55,530.45 and late charges in the amount of $36,847.84. Interest on the New Golf note continues to accrue at a rate of 228.21 per day. FirstMerit, in its efforts to enforce the notes and the guaranties, has incurred $16,309.44 in attorneys' fees and expenses.

## II.     Summary Judgment Standards

Summary judgment should be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law" Fed. R. Civ. P. 56(a). When considering a motion for summary judgment, the Court must construe the evidence and make all reasonable inferences in favor of the non-moving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). "A genuine issue of material fact arises only if sufficient evidence favoring the nonmoving party exists to permit a jury to return a verdict for that party." *Brummett v. Sinclair Broadcast Group, Inc.*, 414 F.3d 686, 692 (7th Cir. 2005).

## III.    Discussion

"A guaranty, of course, is a contract, so we apply general rules of contract interpretation to the dispute." *AAR Aircraft & Engine Group, Inc. v. Edwards*, 272 F.3d 468, 470 (7th Cir. 2001) (citing *McLean Cty. Bank v. Brokaw*, 119 Ill.2d 405, 412 (Ill. 1988)). Under Illinois law,

As of August 20, 2013 (the day plaintiff filed its motion for summary judgment), the outstanding balance on the Fahey Medical note was $788,650.78, which consisted of: principal in the amount of $687,564.72; interest in the amount of $52,907.26; late charges in the amount of $58,901.71; less an escrow balance of $10,722.01. Interest continues to accrue on the Fahey Medical note at a rate of $200.54 per day. As of August 20, 2013, the outstanding balance on the New Golf note was $770,000.31, which consisted of: principal in the amount of $684,622.02; interest in the amount of $55,530.45 and late charges in the amount of $36,847.84. Interest on the New Golf note continues to accrue at a rate of 228.21 per day. FirstMerit, in its efforts to enforce the notes and the guaranties, has incurred $16,309.44 in attorneys' fees and expenses.

## II.     Summary Judgment Standards

Summary judgment should be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law" Fed. R. Civ. P. 56(a). When considering a motion for summary judgment, the Court must construe the evidence and make all reasonable inferences in favor of the non-moving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). "A genuine issue of material fact arises only if sufficient evidence favoring the nonmoving party exists to permit a jury to return a verdict for that party." *Brummett v. Sinclair Broadcast Group, Inc.*, 414 F.3d 686, 692 (7th Cir. 2005).

## III.    Discussion

"A guaranty, of course, is a contract, so we apply general rules of contract interpretation to the dispute." *AAR Aircraft & Engine Group, Inc. v. Edwards*, 272 F.3d 468, 470 (7th Cir. 2001) (citing *McLean Cty. Bank v. Brokaw*, 119 Ill.2d 405, 412 (Ill. 1988)). Under Illinois law,

"a guaranty is a legally enforceable contract that must be construed according to its terms, so long as they are clear and unambiguous." *Federal Dep. Ins. Corp. v. Rayman*, 117 F.3d 994, 998 (7th Cir. 1997).

In this case, FirstMerit has put forth undisputed evidence that defendant Grear breached the Fahey Medical Guaranty. FirstMerit has put forth undisputed evidence that Grear executed the Fahey Medical Guaranty, in which he "absolutely and unconditionally guarantee[d] full and punctual payment and satisfaction of the Indebtedness of [Fahey Medical] to Lender." Under the Fahey Medical note, "Indebtedness" includes "collection costs and legal expenses." Under the Fahey Medical Guaranty, Grear "agree[d] to pay . . . Lender's attorneys' fees and Lender's legal expenses, incurred in connection with the enforcement of this Guaranty." FirstMerit has also put forth undisputed evidence that neither Fahey Medical nor Grear paid the outstanding balance by the January 5, 2013 deadline set out in the Forebearance Agreement. Nor has either paid in the meantime. Grear concedes that he has defaulted on the Fahey Medical Guaranty.

Likewise, FirstMerit has put forth undisputed evidence that defendant Grear breached the New Golf Guaranty. FirstMerit has put forth undisputed evidence that Grear executed the New Golf Guaranty, in which he "absolutely and unconditionally guarantee[d] full and punctual payment and satisfaction of the Indebtedness of [New Golf] to Lender." Under the New Golf note, "Indebtedness" includes "collection costs and legal expenses." Under the Fahey Medical Guaranty, Grear "agree[d] to pay . . . Lender's attorneys' fees and Lender's legal expenses, incurred in connection with the enforcement of this Guaranty." FirstMerit has also put forth undisputed evidence that neither New Golf nor Grear paid the outstanding balance by the

January 5, 2013 deadline set out in the Forebearance Agreement. Nor has either paid in the meantime. Grear concedes that he has defaulted on the New Golf Guaranty.

Plaintiff has also put forth undisputed evidence as to the amount of its damages, despite Grear's arguments. Grear, in his very short (fewer-than-three-page) response to plaintiff's motion for summary judgment, argues that FirstMerit's motion "fails to provide Defendant with adequate information to determine if Plaintiff is entitled to the amount which it requests." (Grear Response Brief at 1). Defendant seems to be laboring under a fundamental misunderstanding about the purpose of a summary judgment motion. A summary judgment motion is not an opportunity to provide information to or receive information from an opponent. That is what discovery is for. The purpose of a summary judgment motion is to allow a court to consider whether "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). Summary judgment is "the 'put up or shut up' moment in litigation, by which we mean that the non-moving party is required to marshal and present the court with the evidence she contends will prove her case." *Goodman v. National Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010) (internal citations omitted). If a non-moving party believes he needs additional information in order to respond to a motion for summary judgment, he may ask, pursuant to Rule 56(d), for time to take discovery. Grear did not do so. Nor did he respond to FirstMerit's statement of facts. Had Grear put forth evidence that contradicted FirstMerit's evidence on damages, then the Court would have concluded that damages were a disputed issue that required a trial to resolve. Because FirstMerit supported its

damages facts with admissible evidence to which Grear failed to respond, those facts were deemed admitted.[2]

The Court concludes that plaintiff FirstMerit has shown that there are no genuine disputes of material fact and that it is entitled to judgment as a matter of law. The Court grants FirstMerit summary judgment. The Court awards FirstMerit damages in the amount of $1,604,544.28. That amount includes $16,309.44 for attorneys' fees and legal expenses; $687,564.72 in principal on the Fahey Medical note; $58,901.71 in late charges on the Fahey Medical note; $52,907.26 in interest on the Fahey Medical note through August 20, 2013; $13,837.26 in interest that has accrued on the Fahey Medical note since plaintiff filed the motion for summary judgment; a $10,722.01 escrow credit on the Fahey Medical note; $684,622.02 in principal on the New Golf note; $36,847.84 in late charges on the New Golf note; $55,530.45 in interest on the New Golf note through August 20, 2013; and $15,746.49 in interest that has accrued on the New Golf note since plaintiff filed its motion for summary judgment.

## IV. Conclusion

For the reasons set forth above, the Court grants plaintiff's motion for summary judgment. The Court grants summary judgment in favor of plaintiff and against defendant in the amount of $1,604,544.28.

ENTER:

---

[2]To the extent Grear's argument can be interpreted as a foundation or hearsay objection to the affidavit FirstMerit filed in support of its damages calculations (and that would be a generous interpretation of Grear's argument), the objection is overruled. *See Deutsche Bank Nat'l Trust Co. v. Tapla*, Case No. 11 C 4338, 2013 WL 4804855 at *2-3 (N.D. Ill. Sept. 9, 2013).

_____
George M. Marovich
United States District Judge

DATED: October 28, 2013